Filed 10/16/25  P. v. Quintero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR MANUEL QUINTERO,<br><br>    Defendant and Appellant. | F087761<br><br>(Super. Ct. No. BF167482B)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  John W. Lua, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant Victor Manuel Quintero was convicted of voluntary manslaughter in 2018 and petitioned for relief from his conviction under Penal Code section 1172.6.[1] He appeals from the trial court's denial of his petition following an evidentiary hearing and argues that the evidence was not sufficient to prove that he was guilty of voluntary manslaughter as either an actual killer or an aider and abettor. The People respond that the court should have found defendant ineligible for relief at the prima facie stage because the jury was not instructed as to either felony murder or natural and probable consequences murder.

We conclude that defendant was ineligible for relief under section 1172.6 as a matter of law and affirm the denial of his petition on that ground.

**PROCEDURAL BACKGROUND**

The District Attorney of Kern County charged defendant with murder (§ 187, subd. (a); count 1), assault with a semiautomatic firearm (§ 245, subd. (b); count 6), assault with a firearm (§ 245, subd. (a)(2); count 7), exhibiting a firearm (§ 417, subd. (a)(2); count 8), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count 9), unlawful firearm possession (§ 29800, subd. (a)(1); count 10), and active gang participation (§ 186.22, subd. (a); count 11). The charges included numerous enhancements for prior convictions, gang-related crimes, gang-related special circumstance murder, and personal firearm use.

Defendant was jointly tried with his brother, Joel Reymundo Quintero (collectively, the Quinteros). Relative to murder, the jury was instructed with the standard murder instruction, CALCRIM No. 520. The instruction explained guilt was proven if, among other points, defendant acted with express or implied malice. The jury was also instructed with CALCRIM Nos. 400 and 401 on aiding and abetting, which

---

[1]     Undesignated statutory references are to the Penal Code.

2.

applied if defendant "intended" an accomplice to commit "the crime" and defendant "intended to" and "did in fact aid and abet" the accomplice's commission of the crime. (CALCRIM No. 401.)

The jurors were next informed of two theories reducing murder to manslaughter: (1) if the killing occurred because of a sudden quarrel or in the heat of passion (CALCRIM No. 570); and (2) if the killing occurred in imperfect self-defense or imperfect defense of another (CALCRIM No. 571).

The Quinteros were acquitted of murder but found guilty of voluntary manslaughter, a lesser included offense, on September 7, 2018. The jury also returned guilty verdicts for all other counts and true findings for all enhancements.[2] The trial court sentenced defendant to serve 36 years 4 months in prison.

Defendant appealed, arguing that the People failed to disprove self-defense, failed to prove he aided and abetted the shooting, and failed to prove he personally used a firearm to commit manslaughter, as well as making other claims. We affirmed the judgment in a nonpublished opinion. (*People v. Quintero* (Aug. 23, 2021, F078802).)[3] We did not resolve defendant's contention that the evidence failed to prove he aided and abetted manslaughter because we concluded that the evidence sufficiently proved that he directly committed manslaughter. We also concluded that the evidence proved he personally used a firearm to kill Eraldo Castro.

On April 11, 2022, defendant filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6).[4] The People filed a written opposition and argued that

---

[2]    The prior conviction enhancements were found true by the court in a bifurcated proceeding.

[3]    We granted defendant's request for judicial notice of this court's record on appeal in *People v. Quintero, supra*, F078802 on September 13, 2024.

[4]    Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no substantive change. (Stats. 2022, ch. 58, § 10).

3.

defendant failed to establish a prima facie case for relief because the jury instructions required the jury to find that defendant was the actual killer in order to convict. The trial court concluded that defendant established prima facie eligibility for relief and issued an order to show cause even though the jury instructions did not permit a finding of guilt based upon felony murder or natural and probable consequences murder because the aiding and abetting instruction left open the possibility that the jury could convict even though defendant did not have an intent to kill.

On January 18, 2024, the trial court conducted an evidentiary hearing and admitted the trial transcript and video exhibits into evidence. The prosecutor argued that the People proceeded to trial on the theory that defendant was the direct perpetrator or an aider and abettor but did not argue natural and probable consequence murder. The prosecutor and defense counsel each reviewed the trial evidence and argued their positions, respectively, that the evidence supported defendant's guilt as a direct perpetrator or aider and abettor or was insufficient to establish guilt. The trial court took the matter under submission and denied defendant's petition by written order on March 13, 2024.[5]

The trial court stated in its ruling after hearing: "[T]he People [were] required to prove [defendant] harbored the requisite mental state for attempted [*sic*] murder—express malice or an intent to kill." The court found defendant either committed the crime or "aided and abetted" it "as a major participant … and demonstrated reckless indifference to human life." It ruled defendant "could still be charged with voluntary manslaughter after the 2019 changes in the law regarding the culpability for murder" and denied the petition.

Defendant filed a timely notice of appeal on March 14, 2024.

---

[5]     The trial court simultaneously denied Joel's petition for resentencing in the same written order and for the same reasons. Joel appealed, and we affirmed the court's order. (*People v. Quintero* (Feb. 24, 2025, F087983) [nonpub. opn.].)

## FACTS[6]

The incident took place at a gas station with a convenience store and was captured on multiple surveillance cameras. While at a gas pump and standing inside the open driver's door, Joel watched as Rolando Castro and Eraldo Castro (collectively, the Castros) drove through the pumps and parked past Joel on the side of the store. The Castros exited their car and walked to the store's entrance. Rolando turned his head toward defendant, who was approaching through the parking lot. Rolando held the door open and stepped aside. As Victor neared the door, he retrieved a firearm from his waist area, placed his hand atop it, and then replaced the firearm. At this point, he was face to face with Rolando.

Eraldo then confronted defendant. Defendant pushed back and the two began fighting. Defendant quickly retreated and handed Joel, who was walking toward the storefront, the firearm. Defendant resumed the fight. As Joel neared, he pulled out the firearm from his right side and pointed it at Eraldo's head. Joel simultaneously motioned with his other hand atop the firearm in a manner consistent with chambering a round in a semiautomatic firearm. The parties then separated and returned to their respective vehicles.

While on his way to the pump, Joel looked back and pointed at the Castros multiple times. He again retrieved an object from the same area from which he had just pulled the firearm moments prior. Joel eventually reentered the driver's seat. Defendant lingered near the passenger side before jogging to the storefront to retrieve a hat he lost during the confrontation. Meanwhile, the Castros convened near the driver's door to their car. They conversed while facing defendant's car. When defendant went to pick up his hat, the Castros visibly reacted to his presence. Defendant returned to his car, and Joel

---

**6**      Because we ultimately conclude that defendant's claim fails as a matter of law, we summarize the facts from our decision in *People v. Quintero, supra*, F078802.

reversed it quickly with the door ajar before closing it as defendant reentered the passenger seat.

Meanwhile, Rolando entered the driver's seat to their vehicle; Eraldo remained near the parking spot. Seconds later, Rolando drove through the parking lot and sideswiped[7] the driver's side of the defendant's car. He continued and drove past and around the pump. At the same time, Eraldo used the car as cover, rushed from the parking spot, and threw a handful of punches at Joel through the driver's window. Within seconds, he was shot from inside the Quintero vehicle and later passed away.

Law enforcement quickly identified the Quinteros as the shooting party, ascertained their location, and set out to arrest them. The Quinteros did not immediately surrender.[8] One law enforcement officer testified overhearing Victor state, "I guess I killed him."

## DISCUSSION

On appeal, defendant argues that the trial court applied the wrong standard for determining accomplice liability for voluntary manslaughter and the evidence was insufficient to prove that he was guilty of voluntary manslaughter. The People contend that defendant is ineligible for relief because the jury was never instructed as to felony murder or natural and probable consequences murder and that he could not be convicted under those theories. We agree.

---

[7] A law enforcement officer estimated the collision occurred at approximately "[t]wenty to 25 miles per hour."

[8] The parties stipulated defendant surrendered in 20 minutes. Joel surrendered in 75 minutes.

## I.     *Legal principles*

### A.     Senate Bills Nos. 1437 and 775

"In 2018, the Legislature enacted Senate Bill 1437,[9] which eliminated the natural and probable consequences theory of murder.  (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 amended Penal Code section 188 to provide that '[e]xcept as stated in subdivision (e) of Section 189 [governing felony murder], in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime.'  (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)  Senate Bill 1437 also narrowed the scope of the felony-murder exception to this general rule, providing that a defendant who was neither the actual killer nor acted with the intent to kill can be liable for murder only if he was a 'major participant in the underlying felony and acted with reckless indifference to human life.'  (§ 189, subd. (e)(3), added by Stats. 2018, ch. 1015, § 3.)" (*People v. Hin* (2025) 17 Cal.5th 401, 441 (*Hin*), first bracketed insertion added.)  "[T]he statute as amended bars a conviction for first or second degree murder under a natural and probable consequences theory."  (*Ibid.*, citing *People v. Gentile* (2020) 10 Cal.5th 830, 849 (*Gentile*).)

"In October 2021, the Governor signed into law Senate Bill 775.[10]  (Stats. 2021, ch. 551.)  In its findings and declarations, the Legislature explained that Senate Bill 775 '[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable [*sic*] consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' (Stats. 2021, ch. 551, § 1, subd. (a).)  The legislation also allows a person convicted of murder or attempted murder on a natural and probable consequences doctrine to

---

9       Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).

10      Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775).

7.

challenge the validity of the conviction on direct appeal (*id.*, § 2 [revised former § 1170.95, subd. (g) (now § 1172.6, subd. (g); see Stats. 2022, ch. 58, § 10)]), abrogating [the] contrary holding in *Gentile*.  (See *Gentile, supra*, 10 Cal.5th at p. 839.)  Senate Bill 775 also abrogates [the] holding in *People v. Favor* (2012) 54 Cal.4th 868, 880, that '[u]nder the natural and probable consequences doctrine, there is no requirement that an aider and abettor reasonably foresee an attempted premeditated murder as the natural and probable consequence of the target offense.'  (See Stats. 2021, ch. 551, §§ 1, subd. (a), 2, subds. (a), (g).)" (*Hin, supra*, 17 Cal.5th at pp. 441–442, first, fifth, & sixth bracketed insertions added.)

### B.      Section 1172.6 Petition

Section 1172.6 governs the petition process available to defendants seeking retroactive relief based on the changes in the law.  (*People v. Wilson* (2023) 14 Cal.5th 839, 869.)  The "process 'begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)) ….' ([*People v.*] *Strong* [(2022)] 13 Cal.5th [698,] 708.)  Those requirements are, first, 'A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine'; second, 'The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder'; and, third, 'The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(1)–(3).)" (*People v. Gallegos* (2024) 105 Cal.App.5th 434, 441, first & fifth bracketed insertions in original.)

"The trial court … reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief. ([§ 1172.6], subd. (c).) 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); [*People v.*] *Lewis* [(2021) 11 Cal.5th 952,] 970–972.)' ([*People v.*] *Strong*[*, supra*, 13 Cal.5th] at p. 708.) Otherwise, the court must issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden 'to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)). In addition to evidence admitted in the petitioner's prior trial, both '[t]he prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.' (*Ibid.*) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' " (*People v. Wilson, supra*, 14 Cal.5th at p. 869, sixth bracketed insertion in original.)

## II. Analysis

Defendant has failed to state a prima facie case for eligibility for relief. The changes made to sections 188 and 189 are immaterial to the underlying trial in this case. The jury was not instructed on felony murder or aiding and abetting under the natural and probable consequences doctrine. Instead, the jury was instructed on personally committing murder or, alternatively, directly aiding and abetting murder. These theories remain valid and survive the changes to sections 188 and 189. (See *Gentile, supra*, 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought."].) Therefore, defendant was not convicted on any theory of imputed malice. Because the changes in Senate Bill 1437 to the natural and probable consequences doctrine do not apply to those who personally commit murder or act with

9.

malice in aiding and abetting, the trial court should have denied defendant's petition at the prima facie stage without proceeding to an evidentiary hearing. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 945–946 [conviction based on direct aiding and abetting malice murder is ineligible for relief]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182–183 [petitioner convicted as direct aider and abettor]; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [petitioner convicted either as direct perpetrator or direct aider and abettor].)

Defendant argues that we may not consider whether the trial court was correct to grant an evidentiary hearing and should only consider whether the evidence at the hearing was sufficient to prove he committed voluntary manslaughter. We recognize that the trial court found defendant ineligible for relief under section 1172.6 after an evidentiary hearing and based on the underlying record in the case. However, "[o]ur task is to review the trial court's *ruling*, not its reasoning. ' "No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." ' " (*People v. Turner* (2020) 10 Cal.5th 786, 807, quoting *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19; accord, *People v. Cortes, supra*, 75 Cal.App.5th at p. 204; see *People v. Geier* (2007) 41 Cal.4th 555, 582.)

In sum, the changes to sections 188 and 189 are not implicated in this case. We conclude that the trial court erred in finding that defendant had established prima facie eligibility for relief because defendant was not entitled to relief as a matter of law. Because the trial court correctly denied the petition for resentencing, albeit on different grounds, we affirm.

10.

**DISPOSITION**

The order is affirmed.

HILL, P. J.

WE CONCUR:

SNAUFFER, J.

GUERRA, J.*

---

\*      Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.